WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony P. Barker,<br><br>               Plaintiff,<br><br>v.<br><br>All Copy Products, LLC; Joseph Blazier and Jane Doe Blazier, husband and wife,<br><br>              Defendants. | No. CV-12-01787-PHX-JAT<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Motion to Remand to State Court (Doc. 11). The Court now rules on the Motion.

      On April 8, 2012, Plaintiff filed a Complaint in Maricopa County Superior Court. (Doc. 1 at 8). The Complaint contained both federal and state law claims. On August 20, 2012, Defendants removed the action to this Court on the basis of federal question subject matter jurisdiction. On August 28, 2012, Plaintiff filed an Amended Complaint. (Doc. 7). Plaintiff's Amended Complaint contained only state law claims. The following day, Plaintiff moved to remand the case to Maricopa County Superior Court. (Doc. 11).

      In his motion to remand, Plaintiff argues that, because his Complaint no longer contains any federal law claims, the Court lacks subject matter jurisdiction and the case must be remanded. The Parties agree that there is no diversity jurisdiction in this case. Further, Defendants agree that the Court does not currently have subject matter jurisdiction over Plaintiff's Complaint. However, Defendants argue that Plaintiff is likely

to again amend his Complaint to assert federal claims, and, thus, to save the time and effort involved in another removal action, the Court should not remand this case unless Plaintiff agrees that, after remand, he will not try to amend his Complaint again to reassert federal law claims.

28 U.S.C.A. section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447. Both Parties agree that the Court lacks subject matter jurisdiction. The Court cannot deny a motion to remand based on the hypothetical assertion that the Court may, at some time in the future, have subject matter jurisdiction over Plaintiff's claims. Further, because the Court lacks subject matter jurisdiction, it has no power to order Plaintiff to assert whether or not he intends to assert federal claims in the future.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Remand to State Court (Doc. 11) is granted. The Clerk of the Court shall remand this action to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that the fully-briefed Motion to Dismiss (Doc. 16) shall remain pending before the Superior Court.

Dated this 20th day of December, 2012.

James A. Teilborg
United States District Judge